UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ALLEN FISCHER,

          Petitioner,

v.

STATE OF WASHINGTON,

          Respondent.

Case No. C20-51-TSZ-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a federal habeas action filed under 28 U.S.C. § 2254. Petitioner Scott Allen Fischer is currently confined at the Coyote Ridge Corrections Center in Connell, Washington. (*See* Dkt. # 3 at 1.) He seeks to challenge in this action a 2002[1] judgment of the Snohomish County Superior Court. (*Id.*) The petition has not been served on Respondent. Following a careful review of the petition, and the balance of the record, this Court concludes that

---

[1] Petitioner did not provide the date of the judgment of conviction but represented he was sentenced in 2002.

REPORT AND RECOMMENDATION
PAGE - 1

Petitioner's federal habeas petition should be dismissed without prejudice for failure to exhaust state court remedies.[2]

## II.   DISCUSSION

Petitioner identifies four grounds for federal habeas relief in his petition. (*See id*. at 5, 7, 8, 10.) Petitioner makes clear in his petition that after an appeal to the Washington State Court of Appeals, which was denied, he did not seek review by a higher state court, apparently because he believes the State of Washington lacks jurisdictional authority to decide the constitutional issues raised in the petition. (*See id*. at 5-12.) However, the governing statute unequivocally requires that a state prisoner is required to exhaust all state court remedies before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1).

The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). In order to provide the state courts with the requisite "opportunity" to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). As it is clear from the face of the petition that Petitioner has not properly

---

[2] Petitioner has not named the proper respondent in this matter. *See Stanley v. California Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994) (Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction.). Rather than grant Petitioner leave to amend his petition to name the correct respondent, the Court recommends dismissal of this matter as it does not appear Petitioner can cure his failure to exhaust state court remedies, as discussed below.

REPORT AND RECOMMENDATION
PAGE - 2

exhausted his claims for relief in the state courts, his Petition is not eligible for federal habeas review.[3]

### III.    CONCLUSION

For the foregoing reasons, this Court recommends that Petitioner's federal habeas petition, and this action, be dismissed without prejudice for failure to exhaust state court remedies. A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under the above standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

---

[3] The Court also notes Petitioner was sentenced in 2002 and he has not explained why the one-year statute of limitations provided by 28 U.S.C. § 2244(d) does not bar his petition.

REPORT AND RECOMMENDATION
PAGE - 3

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 21, 2020**.

DATED this 29th day of January, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 4