UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SCOTT ALLEN FISCHER,

Petitioner,

v.

STATE OF WASHINGTON,

Respondent.

C20-51 TSZ

ORDER

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Michelle L. Peterson, United States Magistrate Judge, docket no. 4. Having reviewed the R&R, to which no objection was filed, and the petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, docket no. 3, the Court enters the following order.

**Discussion**

In connection with the death of Tina Wallace in November 2000, petitioner Scott Allen Fischer was convicted of first degree murder with aggravating factors and was sentenced to imprisonment for life without the possibility of parole. *See* *State v. Fischer*, 2004 WL 1658979 (Wash. Ct. App. July 26, 2004). The Washington Court of Appeals

ORDER - 1

affirmed Fischer's conviction and sentence.  *Id.*  In the check-box form of habeas petition filed by Fischer, in response to the question of whether he sought "further review by a higher state court," *i.e.*, the Washington Supreme Court, Fischer entered an "X" in the "No" box.  *See* Pet. at 3 (docket no. 3).  The R&R relies on this answer to conclude that Fischer failed to exhaust "the remedies available in the courts of the State," *see* 28 U.S.C. § 2254(b)(1)(A), and to recommend that the habeas petition be dismissed **without** prejudice.  Fischer, however, was mistaken, and he did, in fact, unsuccessfully petition to the Washington Supreme Court for discretionary review.  *See State v. Fischer*, 154 Wn.2d 1006, 113 P.3d 482 (2005).  Moreover, Fischer presented two different personal restraint petitions to the Washington Court of Appeals, and certificates of finality issued on March 9, 2007, and April 21, 2017, respectively.  *See State v. Fischer*, Nos. 58499-5-I & 75249-9-I (dockets available at https://dw.courts.wa.gov).  Thus, the Court does not agree with the R&R that Fischer failed to exhaust his state court remedies.

In a footnote, the R&R notes that Fischer's habeas petition is likely barred by the one-year period of limitations set forth in 28 U.S.C. § 2244(d)(1).  *See* R&R at 3 n.3 (docket no. 4).  This footnote put Fischer on notice concerning the untimeliness of his habeas petition, and Fischer has provided no argument in response.  The Court concludes that, prior to Fischer's filing of the habeas petition on January 13, 2020, more than one year had elapsed since the date (April 21, 2017, at the latest) on which the judgment at issue became final by conclusion of direct, and all post-conviction or collateral, review.  *See* 28 U.S.C. §§ 2244(d)(1)(A) & (2).  Fischer has not described any "impediment" to the filing of his habeas petition, any new United States Supreme Court precedent under

which he seeks habeas relief, or any newly discovered factual predicate that might have triggered the limitation period during the year before he filed his habeas petition, *i.e.*, on or after January 13, 2019.  See *id.* at §§ 2244(d)(1)(B)-(D); see also Pet. at ¶ 18 (docket no. 3).  As a result, Fischer's habeas petition must be dismissed **with** prejudice.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The R&R, docket no. 4, is MODIFIED in part and ADOPTED in part;

(2) The habeas petition, docket no. 3, is DISMISSED with prejudice as barred by the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1);

(3) A certificate of appealability is DENIED based on the analysis articulated in the R&R; and

(4) The Clerk is DIRECTED to enter judgment consistent with this Order and to send a copy of the Judgment and this Order to petitioner pro se and to Magistrate Judge Peterson.

IT IS SO ORDERED.

Dated this 26th day of February, 2020.

                                                                                            /s/ Thomas S. Zilly
Thomas S. Zilly
United States District Judge